The next case on our calendar is Theodore Blacks Jr. v. two individuals and parole officers. Thank you. Now, the petitioner is on submission. Yes, Your Honor. So, but you can argue. I mean, we have his papers, but you certainly can argue. Thank you, Your Honor. Do you represent the parole officers? Yes, I represent the parole officers. They're entitled to qualified immunity on petitioner's claim that they unlawfully searched his residence. No clearly established law would have informed the parole officers that a suspicionless search was unconstitutional. Instead, the U.S. Supreme Court's decision in Sampson v. California would have indicated to them that it was lawful to search a parolee's residence. That's a different statute, of course, in California, correct? But I believe it's of the same effect. The California statute says the search can be done with or without cause. The New York regulation simply says that searches may be conducted. It does not require any particular standard of proof or belief by the parole officer before conducting the search. So... It creates some ambiguity as to what they need, right? Well, I think a layperson reading the New York regulation and the parole condition that goes with it would simply believe that they're consenting to a search at any time under any condition. There's no limitation in that regulation as to when the search may be conducted. So I believe the effect of it is the same as the statute in Sampson v. California. Well, obviously it's not identical. And we do have a standard. Our Huntley standard is not carte blanche. It has to be, as we've just been discussing, whether the conduct was rationally and reasonably related to the performance of the parole officer's duty. So there's some standard. It looks like it's pretty easy to meet. But there's a standard. Well, there's been no decision by this court or by the district courts in this circuit that resolves this question of whether that standard has been overruled by Sampson. So therefore, at the very least, the defendants here are entitled to qualified immunity. I think you're right on that, if we haven't ruled on it yet, if it's still in question. Yes, Your Honor. The district court also correctly entered summary judgment on plaintiff's remaining claims. The false arrest claim was not established by the plaintiff, where the parole officers had at least arguable probable cause to arrest him for possession of knives. They were found in a backpack in a closet. In the same backpack were pictures of the plaintiff and his girlfriend. There were men's shoes in the closet. He was the only man who lived in the apartment. So therefore, the knives were at least in his constructive possession. Furthermore, when he filed a lawsuit against the city, he gave what's called 50H testimony, where he was asked about these knives, and he conceded that they were his knives. The plaintiff also failed to establish his malicious prosecution claim, where there was no favorable termination for him. He had pled guilty to one of the parole violations. And in any event, Senior Parole Officer Jeffries enjoys absolute immunity for her role in initiating the prosecution, because it's a prosecutorial act which provides for absolute immunity. Finally, the plaintiff failed to establish his conspiracy claim, where his allegations that the parole officers and the police defendants conspire with each other are entirely conclusory. In conclusion, the court should affirm the judgment of dismissal. Thank you. Counsel, you're representing the police officers, correct? For the same reasons, Alina Jerker on behalf of the city defendants, for the same reasons that the attorney for the parole officers articulated, the officers are entitled to qualified immunity. There's no clearly established law that makes it unlawful to perform the search, and thus to assist in performing the search. Parole officers, you mean they're allowed to get in because the parole officers can get in? Yes, Your Honor. In U.S. v. Newton, this court made clear that the participation by police officers in a parole search doesn't render the parole search unlawful. The police officers are there to provide in case something goes wrong, basically. And there's no reason that they would have believed this was unlawful in any way, and so they're entitled to qualified immunity for their participation. If you have no further questions- Thank you. Any questions? No, thank you. That concludes our argument calendar. I will ask the clerk to adjourn court. Court is adjourned. Thank you.